IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHAD A. ROLLINS,

    Plaintiff,

vs.                        Case No.  1:17cv120-MW/CAS

NANCY A. BERRYHILL, Deputy
Commissioner for Operations,
performing the duties and functions
not reserved to the Commissioner
of Social Security,

    Defendant.

                                      /

## REPORT AND RECOMMENDATION

As the prevailing party in this case, ECF Nos. 24-26, Plaintiff filed a petition requesting an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).[1]  ECF No. 27. Plaintiff's attorney requests payment for 23.65 hours of attorney time at an adjusted rate of $196.79 per hour or $4,654.08.  ECF No. 27 at 3. Timesheets reflect the hours spent and the description of services.  ECF No. 27 at 11-12.  The Deputy Commissioner filed a response and does not

---

[1] In Shalala v. Schaefer, 509 U.S. 292 (1993), the Supreme Court held that a social security plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the "prevailing party," and as such was entitled to attorney's fees and expenses under the EAJA.

object to the motion, although notes the motion was prematurely filed.[2] ECF No. 28.

In this district, Social Security cases involving review of a Commissioner's decision to deny benefits typically require 25 to 30 hours to complete. *See, e.g.,* Jackson v. Astrue, No. 3:09cv218/MCR/MD, 2010 U.S. Dist. LEXIS 57613, at *5 (N.D. Fla. May 11, 2010), *adopted*, 2010 U.S. Dist. LEXIS 51612 (N.D. Fla. June 10, 2010);[3] *see also* Seamon v. Astrue, No. 03:10-cv-06421-HU, 2012 U.S. Dist. LEXIS 148584, at *4 (D. Or. Sept. 18, 2012) (range of 20 to 40 hours).

The hourly rate of $196.79 is reasonable when adjusted for inflation. The total time for which compensation is sought is reasonable.

In accordance with Astrue v. Ratliff, 130 S. Ct. 2521, 2524 (2010), the EAJA fee should be made payable to Plaintiff, not to Plaintiff's attorney. Since the fee was assigned to Plaintiff's attorney, payment of the fee to Plaintiff's attorney is authorized so long as Plaintiff has no debt to the United States, and any such debt will be offset before payment.

---

[2] Plaintiff's counsel provided an explanation why he was unable to relate Defendant's position regarding the petition. ECF No. 27 at 4. This explanation did not comply with N.D. Fla. Loc. R. 7.1(B).

[3] The Court in Jackson noted that some cases may exceed those parameters. 2010 U.S. Dist. LEXIS 57613, at *5 (N.D. Fla. May 11, 2010).

Accordingly, it is respectfully recommended that Plaintiff's petition, ECF No. 27, be **GRANTED** and Plaintiff awarded attorney's fees in the amount of $4,654.08 as a reasonable EAJA attorney's fee.  The amount should be sent to Plaintiff's counsel's address and made payable to Plaintiff.  However, the Deputy Commissioner may offset from this amount any debt owed by the Plaintiff to the United States that may be identified by the Department of Treasury and any ultimate distribution shall be made in accordance with Astrue v. Ratliff.

**IN CHAMBERS** at Tallahassee, Florida, on June 1, 2018.

> s/ Charles A. Stampelos
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**